IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

UNITED STATES FIRE INSURANCE
COMPANY,

    Plaintiff, and Counterclaim
    Defendant,

v.

KELMAN BOTTLES LLC and KELMAN
GLASS, LLC,

    Defendants, Counterclaim
    Plaintiffs and Third Party
    Plaintiffs,

v.

CONTINENTAL CASUALTY COMPANY,

    Third Party Defendant.

11cv0891
**ELECTRONICALLY FILED**

**MEMORANDUM OPINION DENYING THIRD-PARTY PLAINTIFFS' MOTION FOR RECONSIDERATION OF THE COURT'S OPINION AND ORDER (DOC. NOS. 206-207), GRANTING, IN PART, THIRD-PARTY DEFENDANT'S MOTION FOR PARTIAL SUMMARY JUDGMENT**

Before the Court is the motion for reconsideration filed by Third-Party Plaintiffs Kelman Bottles and Kelman Glass, LLC ("Kelman"). The motion challenges the Court's opinion and order (doc. nos. 206-07) granting in part and denying in part the Motion for Partial Summary Judgment filed by Third-Party Defendant Continental Casualty Company ("CNA"). For the reasons set forth below, the Court will deny Kelman's motion for reconsideration.

**I. Factual and Procedural Background**

United States Fire Company ("U.S. Fire"), filed this lawsuit seeking a declaration that it did not have to provide insurance coverage under an all-risk policy it issued to Kelman. Kelman filed Counterclaims against U.S. Fire and also filed a Third-Party Complaint against CNA alleging both U.S. Fire and CNA breached their respective insurance contracts and violated Pennsylvania's bad faith statute in doing so. U.S. Fire and Kelman settled their disputes on December 20, 2013. Thus, the only remaining claims are those filed by Kelman against CNA.

Kelman filed its First Amended Third Party Complaint against CNA on December 12, 2013, alleging that: (1) CNA breached its insurance contract by denying Kelman coverage under the equipment breakdown policy, and (2) CNA violated Pennsylvania's Bad Faith Statute, 42 Pa. Cons. Stat. Ann. §8371, in doing so. On April 25, 2014, CNA filed a Partial Motion for Summary Judgment arguing, *inter alia*, that Kelman failed to adduce evidence from which a jury could conclude that CNA did not have a reasonable basis for denying Kelman benefits under the policy, and that CNA knew of or recklessly disregarded its lack of a reasonable basis in denying Kelman's claim.

The Court agreed with CNA's position with respect to the bad faith claim; and, after discussing the evidence presented by Kelman, concluded as follows:

> . . . [N]o genuine issue of material fact exists concerning whether CNA had a reasonable basis to deny coverage to Kelman, and thus, because CNA had a reasonable basis to deny the claim, Kelman cannot meet the first prong [of] the bad faith test.

*See* Memorandum Opinion dated May 23, 2014, doc. no. 206, p. 21. Accordingly, the Court granted that portion of CNA's Partial Summary Judgment Motion pertaining to the bad faith claim. Doc. no. 207.

On June 5, 2014, Chief Judge Theodore A. McKee, Chief Judge for the United States Court of Appeals for the Third Circuit, designated the undersigned to try this matter. Doc. no. 244. On June 6, 2014, Kelman filed the instant motion asking the Court to reconsider its decision to dismiss Kelman's bad faith claim against CNA. Doc. nos. 249-250. CNA filed a timely response. Doc. no. 273. The matter is now ripe for adjudication.

## II. Discussion

### A. Standard of Review

The purpose of a Motion for Reconsideration "'is to correct manifest errors of law or fact or to present newly discovered evidence.'" *Howard Hess Dental Labs. Inc. v. Dentsply Int'l, Inc.*, 602 F.3d 237, 251 (3d Cir. 2010) (quoting *Max's Seafood Café by Lou Ann, Inc. v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999)). Generally, a Motion for Reconsideration will only be granted on one of the following three grounds: (1) if there has been an intervening change in controlling law; (2) if new evidence, which was not previously available, has become available; or (3) if it is necessary to correct a clear error of law or to prevent manifest injustice. *Id.* (citing *Max's Seafood Café*, 176 F.3d at 677). A court may not grant a Motion for Reconsideration when the motion simply restyles or rehashes issues previously presented. *Pahler v. City of Wilkes-Barre*, 207 F. Supp. 2d 341, 355 (M.D. Pa. 2001). A motion for reconsideration "addresses only factual and legal matters that the Court may have overlooked. . . . It is improper on a motion for reconsideration to ask the Court to rethink what [it] had already thought through—rightly or wrongly." *Glendon Energy Co. v. Borough of Glendon*, 836 F. Supp. 1109, 1122 (E.D. Pa. 1993) (internal citation and quotation marks omitted). "'Because federal courts have a strong interest in the finality of judgments, motions for reconsideration should be granted

sparingly.'" *Rossi v. Schlarbaum*, 600 F. Supp. 2d 650, 670 (E.D. Pa. 2009) (quoting *Cont'l Cas. Co. v. Diversified Indus., Inc.*, 884 F. Supp. 937, 943 (E.D. Pa. 1995)).

**B. Kelman's Argument in Support of Reconsideration**

Kelman does not argue that there has been an intervening change in controlling law, nor does it present new evidence, not previously available, alleging it has become available. Rather, Kelman claims that reconsideration is necessary to correct a clear error of law or to prevent manifest injustice, but does so merely by pointing to facts already in the record. Indeed, Kelman's brief concedes that its motion falls outside the scope of a proper motion for reconsideration. *See* doc. no. 250, p. 4 ("Here, the Court based its ruling on a misstatement of fact . . . ."). Both of Kelman's contentions in support of its Motion for Reconsideration are discussed below, *seriatim*.

**1. The Court's Prior Opinion is upon a Misstatement of Fact and Failed to Follow a Court of Appeals' Directive**

Kelman first argues that by granting in part CNA's Partial Motion for Summary Judgment, the Court relied upon an incorrect factual predicate (*i.e.* Bizzak's written report was a basis of CNA's coverage denial) and failed to follow the United States Court of Appeals' prior determination in this matter related to the terms "sudden and accidental." Doc. no. 250, p. 4-6. In response, CNA contends that Kelman is merely dissatisfied with the Court's prior ruling and is hoping to re-litigate the bad faith claim by relying upon the same law and facts it already presented. Doc. no. 273, p. 9.

Contrary to Kelman's argument, the Court's prior Opinion addresses statements made by CNA's adjuster (Goewey) as set forth in his claims notes, and statements made by CNA's expert, (Bizzak) in his written report. Kelman's argument that Bizzak's written report was not the basis of CNA's coverage denial asks the Court to re-review the same pieces of evidence (*i.e.* the

4

Goewey and Bizzak statements) to argue the same issue (*i.e.* whether CNA lacked a reasonable basis to deny benefits) that Kelman already presented—but to reach a different conclusion. The Court already concluded that Kelman could not meet first requirement under the two-part test established in *Terletsky v. Prudential Property and Casualty Insurance Co.*, 649 A.2d 680 (Pa. Super. Ct. 1994). In accordance with *Max's Seafood Café* and its progeny, using the same facts to re-litigate the same issue precludes this Court from granting Kelman's motion.

The Court also notes that the Third Circuit, in its opinion, required the District Court to address the *Terletsky* two-part test when deciding whether CNA was entitled to summary judgment. The Court's prior Opinion followed that directive and found that Kelman failed to present the requisite evidence necessary to meet the first prong of the two-part *Terletsky* test. With respect to whether the prior Opinion properly addressed the Third Circuit's construction of "sudden and accidental," Kelman's argument misses the mark. As CNA points out, the *Terletsky* reasonable basis test is measured by the law as it existed "[a]t the time" the coverage decision was made, not as it existed following a nonprecedential appellate court decision. *See Terletsky*, 649 A.2d at 690 (acknowledging that the law of "stacking" was "unsettled" at the time the relevant decision was made). Because Kelman's motion does not illustrate any manifest error of law – indeed, it cites to no binding legal authority on this point – and because it appears that Kelman is merely unhappy with the Court's decision to grant partial summary judgment on its bad faith claim, Kelman's motion for reconsideration fails on this point.

### 2. The prior Opinion relies on Inferences Drawn against Kelman and Credibility Determinations

Kelman argues that the Court made numerous errors by drawing inferences against Kelman and making "credibility determinations" – determinations that were not in Kelman's favor. Kelman's Brief highlights those errors as follows:

5

> . . . the Court concluded that the inconsistency between Goewey's claim note entry detailing his conversation with Bizzak, in which Goewey notes that the breakdown was "definitely an occurrence that was sudden and accidental," and Goewey's post-litigation contention that Bizzak's investigation provided the factual basis for his conclusion that the Breakdown was not "sudden and accidental," was of "no moment" because: 1) the claim note was Goewey's interpretation/characterization of what Bizzak told him; 2) Bizzak testified that he would not have used the terms "sudden and accidental;" and 3) the Bizzak report "clearly contradicts a 'sudden and accidental' finding." (Id at 19).
>
> \* \* \*
>
> In sum, having recognized that Goewey's claim notes contradict a finding by CNA that the Breakdown was not "sudden and accidental," the Court then impermissibly supplanted itself as the jury, making credibility determinations and drawing inferences from documents and testimony.

Doc. no. 250, p. 7-8.

The above characterization is not accurate. In its prior Opinion, the Court began with the Goewey claims note which indicated the occurrence was "sudden and accidental" and quoted a section of the Bizzak written report concerning what caused the occurrence (*i.e.* the molten glass leak) at Kelman's plant. The Court concluded that – assuming the Goewey claims note (a piece of double hearsay evidence) was proof that CNA lacked a reasonable basis to deny Kelman's claim – this evidence failed to rise to the level of "clear and convincing" evidence (especially in light of the Bizzak report) that Kelman needed to prove its bad faith claim against CNA. Given the heightened standard applicable to bad faith claims, this analysis was proper and does not contain any clear error of law or exhibit manifest injustice. Kelman again relies upon the same facts it previously argued – in this instance, the content of the CNA adjuster's claims notes – to argue the same issue – that the content of the note was evidence of bad faith. Accordingly, this Court will not grant the Motion for Reconsideration.

### III. Conclusion

6

Based on upon the foregoing analysis, Kelman's Motion for Reconsideration will be denied. An appropriate Order of Court shall follow.

s/ D. Michael Fisher
D. Michael Fisher
United States Court of Appeals for the Third Circuit
Sitting By Designation